UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-41-S

SERGIO J. ROCA                                                                                    PLAINTIFF

v.

DISTRICT COURT JUDGES *et al.*                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is currently before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff filed a complaint using a court-approved form. In the caption of the form, Plaintiff lists the following as Defendants: "District and Circuit Court Judges," the Commonwealth's Attorney's Office, and the Public Defender's Office. He alleges a violation of his civil rights by "corruped 2 dirty judges, prosecutors, 2 public defenders working in the courthouse." He broadly claims that he was not allowed to represent himself in his own defense by judges in the "Louisville Metro Courthouse." He further alleges that he was not allowed in the courtroom to defend himself on October 16, November 17, and December 18, 2009, and that on those dates the public defender did not have his "best interest at heart and misrepresented [him]." As relief, Plaintiff seeks damages for pain and suffering, punitive damages, and a protective order from retaliation by Defendants.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III.

### A. Commonwealth's Attorney's Office

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the Supreme Court held that "a State is not a person within the meaning of § 1983," *id.* at 64, and applied that holding to "governmental entities that are considered 'arms of the State.'" *Id.* at 70; *Jordan v. Kentucky*, Civil Action No. 3:09CV-424-M, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009) (finding Commonwealth's Attorney's Office is not a "person" subject to suit under § 1983); *York v. Warren County Commonwealth Attorney's Office*, No. 1:08CV-P16-R, 2008 WL 339505, at *2 (W.D. Ky. Feb. 6, 2008) ("[T]he Warren County Commonwealth Attorney's Office is not a 'person' under the Act."). Because the Commonwealth's Attorney's Office is not a "person" subject to suit under § 1983, the claims against it must be dismissed for failure to state a claim upon which relief may be granted.

Alternatively, under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has

---

[1] Under the Eleventh Amendment to the United States Constitution, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Thus, the Eleventh Amendment further bars a § 1983 action against the Commonwealth's Attorney's Office. *See York*, 2008 WL 339505 at *2 ("[T]he Eleventh Amendment acts as a bar to all claims for relief against the Warren County Commonwealth Attorney's Office."); *Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

**B. District and Circuit Court Judges**

Official-capacity claims for damages against the judges fail because they, too, are not "persons" subject to suit under § 1983 and the Eleventh Amendment bars such claims. The individual-capacity claims must be dismissed based on judicial immunity as Plaintiff has wholly failed to allege that any judge has engaged in any nonjudicial act or performed a judicial act taken in the "clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

**C. Public Defender's Office**

No § 1983 claim may lie against the Public Defender's Office because it is not a "person" subject to suit. *See Newell v. Montgomery County Public Defender's Office*, No. 2009 WL 1392838, 2009 WL 1392838, at *2 (M.D. Tenn. May 18, 2009) ("[T]he Court finds that a public defender's office is not a 'person' within the meaning of § 1983.") (citing *Petty v. County of*

4

*Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Reitz v. County of Bucks*, 125 F.3d 139 (3rd Cir. 1997); and *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Even if it were a "person," the doctrine of respondeat superior[2] does not apply to civil actions filed under § 1983, *see Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and Plaintiff has not alleged that the Public Defender's Office has "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of [any] offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

### D. Retaliation

Plaintiff seeks a protective order from retaliation. Nowhere else in the complaint, however, is there an allusion to any retaliation currently taking place or likely to occur in the future. Any claim of retaliation is sheer speculation and must be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: February 22, 2010

                                              **Charles R. Simpson III, Judge**
                                              **United States District Court**

cc: Plaintiff, *pro se*
4411.005

---

[2] Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

5